ORIGINAL

FILED
2010 MAR 31  P 3:47
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA. OAKLAND

E-filing

BZ

1   Edwin Aiwazian, State Bar No. 232943
        *edwin@aiwazian.com*
2   Ghazaleh Hekmatjah, State Bar No. 259662
        *gh@aiwazian.com*
3   **THE AIWAZIAN LAW FIRM**
    410 West Arden Avenue, Suite 203
4   Glendale, CA 91203
    Telephone:  (818) 265-1020
5   Facsimile:   (818) 265-1021

6   Matthew Righetti, State Bar No. 121012
        *matt@righettilaw.com*
7   John Glugoski, State Bar No. 191551
        *jglugoski@righettilaw.com*
8   **RIGHETTI LAW FIRM**
    456 Montgomery Street, Suite 1400
9   San Francisco, CA 94104
    Telephone:  (415) 983-0900
    Facsimile:   (415) 397-9005

10  R. Rex Parris, State Bar No. 96567
        *rrparris@rrexparris.com*
11  Alexander R. Wheeler, State Bar No. 239541
        *awheeler@rrexparris.com*
12  Jason P. Fowler, State Bar No. 239426
        *jfowler@rrexparris.com*
13  Douglas Han, State Bar No. 232858
        *dhan@rrexparris.com*
14  **R. REX PARRIS LAW FIRM**
    42220 10th Street West, Suite 109
15  Lancaster, CA 93534
    Telephone:  (661) 874-4238
16  Facsimile:   (661) 949-7524

17  *Attorneys for* Plaintiffs

18              UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20  ANGELICA DE LOS SANTOS;            ) Case No.   CV   10   1370
    LUCIA SALAZAR; DASHA BAYS;         )
21  individually, and on behalf of other ) **CLASS ACTION COMPLAINT**
    members of the general public      )
22  similarly situated,                ) (1) Violation of the Civil Rights Act of 1866,
                                       )     42 U.S.C. § 1981, *et. seq.*
23              Plaintiffs,            )
        vs.                            ) (2) Violation of the California Fair
24                                     )     Employment and Housing Act, Government
    PANDA EXPRESS, INC., a             )     Code § 12940, *et. seq.* – Disparate Impact
25  California corporation; PANDA      )
    RESTAURANT GROUP, INC., a          ) (3) Violation of the California Fair
26  California corporation and DOES 1  )     Employment and Housing Act, Government
    through 10, inclusive,             )     Code § 12940, *et. seq.* – Disparate Treatment
27                                     )
                Defendants.            ) **DEMAND FOR JURY TRIAL**
28                                     )

                                                                              1

              CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203
Benedict

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Plaintiffs Angelica De Los Santos, Lucia Salazar and Dasha Bays, individually

2  and behalf of all others similarly situated, allege as follows:

3                                    **INTRODUCTION**

4        1.      Panda Restaurant Group, Inc. and Panda Express, Inc. (hereinafter

5  collectively referred to as "Panda Restaurant Group") employ more than 18,000

6  associates and oversee its successful restaurants, including Panda Express, throughout 37

7  states and Puerto Rico.  The company claims that it "has put its people at the forefront of

8  its success, supplying countless tools for professional advancement as well as personal

9  growth.  The company's significant expansion plans mean unparalleled opportunities for

10  those with a passion for Panda."    However, such opportunities for "professional

11  advancement" and "growth" are limited to Panda Express Asian employees *only*.

12  Although non-Asians comprise a significant number of Panda Express employees, their

13  numbers shrink considerably at the management level.  The managerial positions are the

14  higher compensated positions at Panda Express restaurants, and the fact that non-Asians

15  are rarely hired or promoted to these positions cannot be explained or justified by any

16  reasonable business purpose for these jobs.  The substantial underrepresentation of non-

17  Asians in the more lucrative restaurant managerial positions Panda Express has to offer is

18  the result of practices that discriminate against non-Asians.

19       2.      This class action is brought by one current and two former non-Asian

20  Panda Express employees, Angelica De Los Santos, Lucia Salazar, and Dasha Bays

21  (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves and all

22  similarly situated current and former Panda Express restaurants employees and

23  applicants, who have been subject to Panda Express' practices of discrimination on the

24  basis of race and/or national origin.  Plaintiffs, on behalf of themselves and the class they

25  seek to represent, charge that Panda Express discriminates against its non-Asian

26  employees by failing to promote equally or better qualified non-Asians (as compared to

27  Asian employees) to Panda Express managerial positions.  This class action seeks to end

28  Panda Restaurant Group's discriminatory practices at its Panda Express restaurants and to

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    provide monetary relief, including punitive damages, to those who have been affected by
2    these practices.

### JURISDICTION AND VENUE

3.      Plaintiffs' claims arise under 42 U.S.C. § 1981.  Additionally, Plaintiff
5    Angelica De Los Santos' claims further arise under the California Fair Employment and
6    Housing Act ("FEHA"), Government Code § 12940, *et. seq.*  This Court has jurisdiction
7    over this action pursuant to 28 U.S.C. § 1331 and 1343.  The Court has supplemental
8    jurisdiction pursuant to 28 U.S.C. § 1367 over claims under FEHA, Government Code
9    § 12940, *et seq.*

10   4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.  Members of
11   the Plaintiffs Class reside in California and throughout the United States.  Defendant
12   Panda Restaurant Group is a California corporation, with it's headquarters located at
13   1683 Walnut Grove Avenue, City of Rosemead, State of California,  and had restaurants
14   throughout California and this District where Plaintiff De Los Santos continues to be
15   employed.  Indeed, over 35% of Panda Express restaurants, which are owned and
16   operated by Panda Restaurant Group, are located in California.  Many of the acts alleged
17   in this Complaint, which gave rise to the claims asserted herein, occurred in California
18   and in the Northern District of the State of California.

### PARTIES

20   5.      Plaintiff Angelica De Los Santos is Latina of Mexican Ancestry and resides
21   in the County of Sonoma, State of California.  Ms. De Los Santos has been employed by
22   Panda Restaurant Group from approximately October 2006 to the present at a Panda
23   Express restaurant in City of Santa Rosa, State of California within the Northern District
24   of California.

25   6.      Plaintiff Lucia Salazar is Latina and resides in City of Crestwood, State of
26   Illinois.  Ms. Salazar was employed by Panda Restaurant Group from approximately
27   September 2007 until approximately April 2009 at a Panda Express restaurant in the City
28   of Crestwood, State of Illinois.

3

7.      Plaintiff Dasha Bays is African-American and resides in the City of Chicago, State of Illinois. Ms. Bays was employed by Panda Restaurant Group at Panda Express restaurants from approximately July 2007 until approximately June 2008 at the City of Orlando Park, State of Illinois location  and from approximately December 2008 until approximately March 2009 in the at the City of Crestwood, State of Illinois location.

8.      Defendant Panda Restaurant Group, Inc. and Panda Express, Inc. are California corporations.  Panda Restaurant Group prides itself as the "nation's leader in high quality Asian foodservice and one of the largest family-owned businesses in the nation, operating several successful restaurant concepts including Panda Express, Panda Inn and Hibachi-San." The company's self proclaimed mission is to "deliver exceptional Asian dining experiences by building an organization where people are inspired to better their lives." Panda Restaurant Group operates more than 1,200 Panda Express restaurant locations throughout 37 states and Puerto Rico, and employs more than 18,000 associates company-wide.  Panda Restaurant Group had annual revenues of more than $1 billion in 2007 and 2008 and has achieved 11 consecutive years of same restaurant sales growth, averaging 5% over that time.  Additionally, Panda Restaurant Group's net sales have grown by a compounded annual rate of 20% over the last 5 years.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on that information and belief allege, that each of the defendants herein designated as a Doe is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the damages to Plaintiffs and the class members alleged in this Complaint. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same has been ascertained.

10.      At all times herein relevant, Panda Restaurant Group and Does 1 through 10, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

1  all times relevant hereto were acting within the course and scope of their authority as

2  such agents, partners, joint venturers, representatives, servants, employees, successors,

3  co-conspirators and assigns, and that all acts or omissions alleged herein were duly

4  committed with the ratification, knowledge, permission, encouragement, authorization

5  and consent of each defendant designated herein.

6    11.   Defendants Panda Restaurant Group and Does 1 through 100 will

7  hereinafter be collectively referred to as "Defendants."

## PANDA RESTAURANT GROUP'S

## GENERAL PRACTICE AND POLICY OF DISCRIMINATION

10    12.   The denials and abridgments of employment opportunities suffered by

11  Plaintiffs are part of the general policy or practice of discrimination on the basis of race

12  and/or national origin in employment that has existed at Panda Express throughout the

13  relevant time period.   These are not isolated examples of employment practices or

14  individual decisions.   On the contrary, these incidents are representative of Panda

15  Restaurant Group's systematic discrimination against non-Asians and in favor of Asian

16  employees.

17    13.   Throughout its 1220 Panda Express restaurants in the United States, Panda

18  Restaurant Group engages in an intentional policy or practice of discrimination based on

19  race and/or national origin with regard to: (1) hiring of qualified non-Asian applicants

20  into managerial positions; and (2) equal pay and promotions for non-Asian employees.

21    14.   Additionally, Panda Restaurant Group's standard employment policies and

22  practices have a disparate impact on qualified non-Asian applicants with respect to hiring

23  into managerial positions; and on non-Asian employees with respect to promotions, equal

24  pay, , without any corresponding business necessity for such policies and practices.

25    15.   Panda Restaurant Group has pursued policies or practices on a continuing

26  basis that have denied or restricted promotion opportunities and equal pay to qualified

27  non-Asian applicants and employees.

28

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

16.     Panda Express restaurants follow the same policies and practices, participate in the same discrimination, and are run by the same Panda Restaurant Group management.

17.     In its Panda Express restaurants throughout the United Stated, Panda Restaurant Group employs standardized policies and procedures related to staffing and promotion.  The hierarchy of service job positions in Panda Express restaurants is the same everywhere, and can be divided into three groups:  (1) lower level service positions (*i.e.*, cashiers and counter helpers) at the bottom; (2) chefs in the middle; and (3) managerial positions (*i.e.*, lead cashiers, lead counters, head chefs, assistant managers, and managers) at the top.

18.     Panda Restaurant Group systematically refuses to hire qualified non-Asian applicants into managerial positions in favor of Asian applicants.

19.     When Panda Restaurant Group does hire non-Asians, it places them into the lower level service positions.

20.     Panda Restaurant Group provides fewer opportunities for promotions and training to its non-Asian employees than to its Asian employees.

21.     Non-Asian Panda Express employees in the lower level service positions, such as cashiers and counter helpers, receive fewer assigned hours per week than Asian Panda Express employees in the same positions.

22.     Panda Restaurant Group implements its discriminatory employment policies and practices in part through an overly subjective promotions and compensations review process.  On information and belief, Plaintiffs are informed that Panda Restaurant Group fails to publish explicit guideline and qualifications for managers attempting to promote employees, and instead allows Panda Express restaurant Managers to rely on subjective, arbitrary, standardless criteria in making employment decisions which focus on whether employees reflect Panda Express Managers' perceptions of which Panda Express employees should be promoted to managerial positions.

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

23.     Panda Restaurant Group's corporate culture of race stereotypes encourages Panda Express senior management to rely upon racial and/or national origin stereotypes in making employment decisions.

24.     Panda Express restaurant employees are told that promotions are based on a point system called "GM Points." Panda Express restaurant employees are told that GM Points are accumulated based on length of employment and job performance. Employees who reach a certain point scale are promoted and given "Manager Codes." On information and belief, Plaintiffs are informed that most Asian employees have the Manager Codes, regardless of their length of employment or job performance. However, non-Asian employees are not provided with the Manager Codes unless they are actual managers. Consequently, promotion into managerial positions at Panda Express restaurants is based on entirely subjective discretion based on race and/or national origin, which are often infected with conscious or unconscious prejudices and racial-based stereotypes.

25.     Panda Restaurant Group has pursued policies and practices on a continuing basis which has had the effect of denying equal job opportunities to qualified non-Asian individuals. These policies and practices include, but are not limited to, the following:

    i.   Reliance on subjective, race-based and/or arbitrary criteria utilized by a nearly all Asian managerial workforce in making hiring and/or promotion decisions;

    ii.  Failure to follow a uniform job posting procedure to guarantee that all employees have proper notice of openings;

    iii. Discouraging non-Asians from seeking or applying for managerial positions;

    iv.  Failing and/or refusing to consider non-Asians for promotion on the same basis as Asians within the company are considered;

    v.   Failing and/or refusing to promote or compensate non-Asians on the same basis as Asians are promoted and compensated;

THE AWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

vi.   Failing to provide non-Asians with accurate and timely notice of promotional opportunities;

vii.  Providing non-Asian employees interested in promotion, inconsistent and inaccurate statements about the requirements and qualifications necessary for promotion;

viii. Denying non-Asian employees the training and assignments that would enhance their promotability;

ix.   Maintaining and fostering a reputation for discriminatory conduct which deters non-Asian employees from pursuing promotional opportunities;

x.    Establishing and maintaining arbitrary and subjective requirements which have the effect of excluding qualified non-Asians from promotion and which have not been shown to have any significant relationship to job performance or to be necessary to the safe and efficient conduct of Panda Restaurant Group's business.

xi.   Failing and/or refusing to take adequate steps to eliminate the effects of its past discriminatory practices; and

xii.  Retaliating against non-Asian employees who complain of unequal treatment.

## CLAIM OF NAMED PLAINTIFF ANGELICA DE LOS SANTOS

26.   Plaintiff Angelica De Los Santos is Hispanic.  From October 2006 to the present, Ms. De Los Santos has worked as a cashier/counter helper at a Panda Express restaurant located in the City of Santa Rosa, State of California.

27.   As it does with most non-Asians, Panda Restaurant Group assigned Ms. De Los Santos to a lower level service position upon hiring her.

28.   During her employment at Panda Express, Ms. De Los Santos has repeatedly expressed her interest in a promotion to a shift lead position, such as lead cashier or lead counter, but has been denied promotional opportunities offered to similarly situated or less qualified Asian employees.

29.     For example, in July 2009, Ms. De Los Santos complained to her Manager (who is of Asian-descent) about not being promoted despite the fact that she had been working at Panda Express for about three years. Ms. De Los Santos was told that she needed to raise her GM Points in order to get a promotion. Instead, an Asian individual who had only been working for a couple of months and had significantly less experience than Ms. De Los Santos was promoted to an open shift lead position.

30.     In or around January 2010, Ms. De Los Santos requested to be promoted. Ms. De Los Santos was told that she needed to go through training before she could be promoted. However, Ms. De Los Santos has not been given the opportunity to go through any training, despite her numerous requests. Instead, an Asian individual was promoted to the open chef position.

31.     On March 25, 2010, Ms. De Los Santos filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") and received an immediate Notice of Right-to-Sue. Attached to this Complaint as Exhibit A, and incorporated herein by reference, is a true and correct copy of that immediate Notice of Right-to-Sue.

32.     Panda Restaurant Group has discriminated against Ms. De Los Santos on account of her race and/or national origin as follows:

      i.   By failing and refusing to consider her for promotional opportunities on the same basis as Asians are considered;

      ii.  By relying on subjective, arbitrary, and racial-based decision-making by a nearly all-Asian managerial force to deny her promotional opportunities; and

      iii. By promoting similarly situated and less qualified Asian employees more rapidly than her.

33.     Ms. De Los Santos is informed and believes that Panda Restaurant Group has discriminated against her in the same manner that it discriminates against the Class

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  and the California Subclass generally.  Her primary intention with regard to this case is to
2  end Panda Restaurant Group's unlawful pattern and practice of discrimination.

3  ## CLAIM OF NAMED PLAINTIFF LUCIA SALAZAR

4  34.    Plaintiff Lucia Salazar is Hispanic.  From approximately September 2007
5  until approximately April 2009, Ms. Salazar was employed by Panda Restaurant Group at
6  the Panda Express in the City of Crestwood, State of Illinois as a cashier/counter helper.

7  35.    As it does with most non-Asians, Panda Restaurant Group assigned Ms.
8  Salazar to a lower level service position upon hiring her.

9  36.    During the year and a half Ms. Salazar was employed by Panda Restaurant
10  Group, she was never promoted, despite repeated promises from her Manager (who was
11  of Asian-descent), that she would be promoted to lead cashier.

12  37.    During her employment at Panda Express, Ms. Salazar repeatedly
13  expressed her interest to her supervisor in a shift lead position, such as lead cashier or lead
14  counter, but was denied promotional opportunities offered to less qualified Asian
15  employees.

16  38.    For example, during Ms. Salazar's employment, the lead counter (an Asian
17  individual) at the Panda Express where she worked was promoted to a managerial
18  position.  Ms. Salazar was told that she would be promoted to the newly available lead
19  counter position.  However, she was never promoted.  Instead, an Asian co-worker, who
20  had been hired after Ms. Salazar and had less experience than Ms. Salazar, was promoted
21  to the lead counter position.

22  39.    Panda Restaurant Group has discriminated against Ms. Salazar on account
23  of her race and/or national origin as follows:

24      i.   By failing and refusing to consider her for promotional opportunities on the
25          same basis as Asians are considered;

26      ii.  By relying on subjective, arbitrary, and racial-based decision-making by a
27          nearly all-Asian managerial force to deny her promotional opportunities;
28          and

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    ///

iii.  By promoting similarly situated and less qualified Asian employees more rapidly than her.

40.    Ms. Salazar is informed and believes that Panda Restaurant Group has discriminated against her in the same manner that it discriminates against the Class and the California Subclass generally.  Her primary intention with regard to this case is to end Panda Restaurant Group's unlawful pattern and practice of discrimination.

## CLAIM OF NAMED PLAINTIFF DASHA BAYS

41.    Plaintiff Dasha Bays is African-American.  From approximately July 2007 until approximately June 2008 and from approximately December 2008 until approximately March 2009 Ms. Bays was employed by Panda Restaurant Group, first at the at the Panda Express in the City of Orlando Park, State of Illinois, then at the Panda Express in City of Crestwood, State of Illinois.  She was employed as a cashier at both locations.

42.    As it does with most non-Asians, Panda Restaurant Group assigned Ms. Bays to a lower level service position upon hiring her.

43.    Upon hire, Ms. Bays was told by management that she would receive a promotion every six months, from cashier to a shift lead position, to assistant manager and eventually to manager.  Ms. Bays consistently told her Manager that she wanted to be promoted to a Shift Lead position.  However, during the entire course of her employment, Ms. Bays was never promoted.

44.    Ms. Bays requested to work shifts of longer than 4 hours each day she worked.  However, her Manager would never schedule her for shifts longer than 4 hours.  Instead, only Asian employees were scheduled to work double shifts.

45.    During her employment at the Panda Express in Crestwood, Illinois, Ms. Bay's Manager, who was Asian, made the following comments to her:

i.  "White and Black people don't come out on summer days because it is too hot for them."

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

ii. "American people are too lazy."

iii. "Black girls have big butts, which makes them slow employees."

46.   Panda Restaurant Group has discriminated against Ms. Bays on account of her race and/or national origin as follows:

    i. By failing and refusing to consider her for promotional opportunities on the same basis as Asians are considered;

    ii. By relying on subjective, arbitrary, and racial-based decision-making by a nearly all-Asian managerial force to deny her promotional opportunities;

    iii. By promoting similarly situated and less qualified Asian employees more rapidly than her; and

    iv. By assigning her fewer hours than Asian employees in the same positions.

47.   Ms. Bays is informed and believes that Panda Restaurant Group has discriminated against her in the same manner that it discriminates against the Class and the California subclass generally.  Her primary intention with regard to this case is to end Panda Restaurant Group's unlawful pattern and practice of discrimination.

## CLASS ACTION ALLEGATIONS

48.   Plaintiffs bring this Class Action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of a Class of all current and former non-Asian employees who were denied promotion to a managerial position and all non-Asian applicants who were denied a managerial position at Panda Express restaurants in the United States during the applicable statute(s) of limitations period(s).

49.   Plaintiffs are members of the Class they seek to represent.

50.   The members of the Class are sufficiently numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe that the Class exceeds ten thousand (10,000) non-Asian Panda Express current and former employees.

51.   There are questions of law and fact common to the Class and these questions predominate over individual questions.  These questions include, but are not limited to, the following:

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

     i.  Whether Defendants have engaged in policies and practices of disparate treatment of non-Asian individuals;

     ii.  Whether Defendants have engaged in policies and practices that have a disparate impact on non-Asian individuals;

     iii.  Whether any disparate impact is justified by business necessity;

     iv.  Whether injunctive relief and other equitable remedies (including back pay and front pay) and compensatory damages are warranted; and

     v.  Whether punitive damages are warranted.

52.    The claims alleged by Plaintiffs are typical of the Class.

53.    Plaintiffs will adequately and fairly represent the interests of the Class.

54.    Class certification is proper pursuant to Federal Rules of Civil Procedure 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole. The Class members are entitled to injunctive relief to end Defendants' discriminatory policies and practices.

55.    Class certification is also proper pursuant to Federal Rules of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendants' discriminatory policies and practices.

56.    Plaintiff Angelica De Los Santos also brings this action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of a California FEHA Subclass (the "California Subclass") of all current and former non-Asian employees who were denied promotion to a managerial position and all non-Asian applicants who were denied a managerial position at Panda Express restaurants in the State of California during the applicable statute(s) of limitations period(s), in violation of Government Code § 12940, *et. seq.*, known as FEHA.

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

57.     Plaintiff Angelica De Los Santos is a member of the California Subclass she seeks to represent.

58.     The members of the California Subclass are sufficiently numerous that joinder of all members is impracticable.  Plaintiff Angelica De Los Santos is informed and believes that the California Subclass exceeds three hundred and fifty (350) of Defendants non-Asian current and former employees.

59.     There are questions of law and fact common to the California Subclass and these questions predominate over individual questions.  These questions include, but are not limited to, the following:

    i.   Whether Defendants have engaged in policies and practices of disparate treatment of non-Asian individuals;

    ii.  Whether Defendants have engaged in policies and practices that have a disparate impact on non-Asian individuals;

    iii. Whether any disparate impact is justified by business necessity;

    iv.  Whether the disparate impact constitutes a violation of FEHA, Government Code § 12940, *et. seq.*;

    v.   Whether injunctive relief and other equitable remedies (including back pay and front pay) and compensatory damages are warranted for the California Subclass; and

    vi.  Whether punitive damages are warranted.

60.     The claims alleged by Plaintiff Angelica De Los Santos are typical of the California Subclass.

61.     Plaintiff Angelica De Los Santos will adequately and fairly represent the interests of the California Subclass.

62.     Class certification is proper pursuant to Federal Rules of Civil Procedure 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the California Subclass, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the California Subclass as a whole.  The California

14

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  Subclass members are entitled to injunctive relief to end Defendants' discriminatory

2  policies and practices.

3       63.    Class certification is also proper pursuant to Federal Rules of Civil

4  Procedure 23(b)(3) because common questions of fact and law predominate over any

5  questions affecting only individual California Subclass members, and because a class

6  action is superior to other available methods for the fair and efficient adjudication of this

7  litigation.  The California Subclass members have been damaged and are entitled to

8  recovery as a result of Defendants' discriminatory policies and practices.

9       64.    Plaintiffs reserve the right to establish subclasses as appropriate, and to

10  amend the definitions of the Class and the California Subclass based on discovery or

11  legal development.

**FIRST CAUSE OF ACTION**

**(Racial Discrimination)**

**(42 U.S.C. § 1981)**

**(On behalf of all Plaintiffs and the Class against Panda Express, Inc.,**

**Panda Restaurant Group, Inc. and Does 1 through 10)**

17       65.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

18  through 64, and each and every part thereof with the same force and effect as though

19  fully set forth herein.

20       66.    This claim is brought on behalf of Plaintiffs and the Class.

21       67.    Panda Restaurant Group has maintained an intentionally discriminatory

22  system with respect to hiring, job assignments, and promotions.

23       68.    Panda Restaurant Group's discriminatory policies or practices described

24  above have denied managerial positions to qualified non-Asian employees in favor of

25  Asian employees, resulting in the loss of past and future wages and other job benefits.

26  These discriminatory policies or practices have also denied non-Asian employees job

27  assignments, weekly hours allocation, and promotions, resulting in the loss of past and

28  future wages and other job benefits.

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

69.     The foregoing conduct constitutes illegal intentional race and/or national origin discrimination with respect to making, performance, modification, and termination of contracts prohibited by 42 U.S.C. § 1981.

## SECOND CAUSE OF ACTION

### (Racial Discrimination – Disparate Impact)

### (California Fair Employment And Housing Act, Government Code § 12940, *et. seq.*)

### (On behalf of Plaintiff Angelica De Los Santos and the California Subclass against Panda Express, Inc., Panda Restaurant Group, Inc. and Does 1 through 10)

70.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 69, and each and every part thereof with the same force and effect as though fully set forth herein.

71.     This claim is brought on behalf of Plaintiff Angelica De Los Santos and the California Subclass she represents of similarly situated non-Asian employees in Panda Express restaurants in California.

72.     The foregoing conduct violates the California FEHA, Government Code § 12940, *et. seq.*

73.     Government Code § 12940(a) provides that is an unlawful employment practice "[f]or an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

74.     Defendant Panda Restaurant Group had an employment policy and practice of hiring and/or promoting Asians that wrongfully discriminated against Plaintiff and the other subclass members.

75.     Defendant Panda Restaurant Group is an employer covered under FEHA.

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

76.     Plaintiff Angelica De Los Santos and the other California Subclass members were employees of Defendants.

77.     Defendants had an employment policy and practice of hiring and/or promoting Asians that had a disproportionate adverse effect on non-Asians seeking employment and/or promotion.

78.     Plaintiff and the other California Subclass members are of non-Asian descent.

79.     As a result, Plaintiff and the other California Subclass members were harmed.

80.     The refusal to hire and/or promote was a substantial factor in causing Plaintiff and the other California Subclass member's harm.

81.     Defendants' discriminatory practices have resulted in a loss of past and future wages and other job benefits.

## THIRD CAUSE OF ACTION

### (Racial Discrimination – Disparate Treatment)

**(California Fair Employment And Housing Act, Government Code § 12940, *et. seq.*)**

**(On behalf of Plaintiff Angelica De Los Santos and the California Subclass against Panda Express, Inc., Panda Restaurant Group, Inc. and Does 1 through 10)**

82.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     This claim is brought on behalf of Plaintiff Angelica De Los Santos and the California Subclass she represents of similarly situated non-Asian employees in Panda Express restaurants in California.

84.     The foregoing conduct violates the California FEHA, Government Code § 12940, *et. seq.*

85.     Government Code § 12940(a) provides that is an unlawful employment practice "[f]or an employer, because of the race, religious creed, color, national origin,

17

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   ancestry, physical disability, mental disability, medical condition, marital status, sex, age,

2   or sexual orientation of any person, to refuse to hire or employ the person or to refuse to

3   select the person for a training program leading to employment, or to bar or to discharge

4   the person from employment or from a training program leading to employment, or to

5   discriminate against the person in compensation or in terms, conditions, or privileges of

6   employment."

7        86.    Defendant Panda Restaurant Group wrongfully discriminated against

8   Plaintiff and the other subclass members.

9        87.    Defendant Panda Restaurant Group is an employer covered under FEHA.

10        88.    Plaintiff and the other California Subclass members were employees of

11   Defendants.

12        89.    Defendants refused to hire and/or promote Plaintiff and the other subclass

13   members.

14        90.    Plaintiff and the other California Subclass member's race was a motivating

15   reason for the refusal to hire and/or promote.

16        91.    As a result, Plaintiff and the other California Subclass members were

17   harmed.

18        92.    The refusal to hire and/or promote was a substantial factor in causing

19   Plaintiff and the other California Subclass members' harm.

20        93.    Defendants' discriminatory practices have resulted in a loss of past and

21   future wages and other job benefits.

22        94.    Defendants did the acts alleged herein with malice or reckless indifference

23   to the rights of Plaintiff and the protected class under FEHA, Government Code § 12940,

24   *et. seq.*  As a result, Plaintiff and the California Subclass are entitled to punitive damages.

25            **ALLEGATIONS REGARDING RELIEF**

26        95.    Plaintiffs, and the Class and California Subclass they seek to represent,

27   have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein,

28   and the injunctive relief sought in this action is the only means of securing complete and

18

1  adequate relief. Plaintiffs, and the Class and California Subclass they seek to represent,

2  are now suffering and will continue to suffer irreparable injury from Defendants'

3  discriminatory acts and omissions,

4       96.    Panda Restaurant Group performed the acts herein alleged with malice or

5  reckless indifference. Plaintiffs and class members are thus entitled to recover punitive

6  damages in an amount according to proof.

7  **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiffs Angelica De Los Santos, Lucia Salazar and Dasha Bays,

9  individually, and on behalf of all other members of the general public similarly situated,

10  pray for relief and judgment against Panda Restaurant Group and Does 1 through 10, and

11  each of them, jointly and severally, as follows:

12  **Class Certification**

13      1.    That this action be certified as a class action;

14      2.    That Plaintiffs be appointed as the representative of the Class and the

15  California Subclass;

16      3.    That counsel for Plaintiffs and the proposed class be appointed as class

17  counsel;

18  **As to the First through Third Causes of Action**

19      4.    A declaratory judgment that the policies or practices complained of herein

20  are unlawful and violate 42 U.S.C. § 1981 and California Government Code § 12940, *et.*

21  *seq.*;

22      5.    A preliminary and permanent injunction against Panda Restaurant Group

23  and its officers, agents, successors, employees, representatives, and any and all person

24  acting in concert with them, from engaging in each of the unlawful policies, practices,

25  customs, and usages set forth herein;

26      6.    That Plaintiffs and class members be awarded all damages, including back

27  pay, front pay, general and special damages for lost compensation and job benefits

28  according to proof;

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

1       7.     That Plaintiffs and class members be awarded exemplary and punitive

2   damages;

3       8.     That Defendants' be ordered to give Plaintiffs and the other class members

4   those jobs they would have held but for Defendants' discriminatory practices as well as

5   an adjustment of wage rates, benefits, and seniority rights that they would have been

6   entitled to but for Defendant's discriminatory practices;

7       9.     That Plaintiffs and the other class members be awarded pre-judgment and

8   post-judgment interest, as well as their reasonable attorneys' fees, expert-witness fees,

9   and other costs to the extent available by law; and

10      10.    All such other and further relief as the Court deems just and proper.

11                 Respectfully submitted,

12  Dated: March 29, 2010          **RIGHETTI LAW FIRM, P.C.**

13

14

15  By: _____

16       John Glugoski
         *Attorneys for* Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE AIWAZIAN LAW FIRM
410 West Arden Avenue, Suite 203
Glendale, California 91203

## DEMAND FOR JURY TRIAL

Plaintiffs, Angelica De Los Santos, Lucia Salazar and Dasha Bays, individually, and on behalf of all other members of the general public similarly situated, hereby demand a jury trial as to all issues so triable.

Respectfully submitted,

Dated: March 29, 2010                    **RIGHETTI LAW FIRM, P.C.**

By: _____
        John Glugoski
        *Attorneys for* Plaintiffs

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL