UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANGELICA DE LOS SANTOS; LUCIA SALAZAR; DASHA BAYS; individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PANDA EXPRESS, INC., a California corporation; PANDA RESTAURANT GROUP, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: C 10-01370 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Docket 51 |

This is an employment discrimination class action brought by former employees of Defendants Panda Express, Inc., and Panda Restaurant Group (collectively "Panda"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. The parties are presently before the Court on Panda's Motion to Transfer Venue Under 28 U.S.C. § 1404(a). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion and transfers the action to the Central District of California. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

The parties are familiar with the facts of this case, which will be summarized herein only to the extent they are relevant to the instant motion. On March 31, 2010, Plaintiffs Angelica De Los Santos ("De Los Santos"), Lucia Salazar ("Salazar") and Dasha Bays

1  ("Bays") filed the instant action against Panda.  At the time Plaintiffs filed suit, De La
2  Santos worked at the Panda location in Santa Rosa, California.  Since then, she has
3  relocated to Kansas.  The other two Plaintiffs previously worked at Panda outlets located in
4  Illinois, where both currently reside.
5       Panda operates over 1,300 Panda fast food outlets in 40 states and Puerto Rico.
6  Cheung Decl. ¶ 6, Dkt. 53.  Of those 1,300 stores, 474 are located in California—and 314
7  of the 474 stores are in Southern California.  Id.  Panda is headquartered in Rosemead,
8  California, which is located within Los Angeles County and which lies within the Central
9  District of California.  Id. ¶ 2.  The company's senior management, including its top-level
10 human resources executives, work at the Rosemead corporate headquarters.  Id.  In
11 addition, Panda maintains it policies and procedures, payroll and personnel records and
12 other data at that location.  Id. ¶ 4.
13      Panda now moves for an Order transferring this action to the Central District of
14 California for the convenience of the parties and witnesses, pursuant to 28 U.S.C.
15 § 1404(a).  Plaintiffs oppose the transfer.  The matter has been fully briefed and is ripe for
16 adjudication.

17 **II.   LEGAL STANDARD**

18      Title 28 of the United States Code, section 1404(a), provides that "[f]or the
19 convenience of parties and witnesses, in the interest of justice, a district court may transfer
20 any civil action to any other district or division where it might have been brought."  In
21 exercising its discretion under § 1404, the court may consider the following, if appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). "The court has the broad discretion to address some of these or other factors based on the particular facts of each case." Johansson v. Central Garden & Pet Co., No. C 10-03771 MEJ, 2010 WL 4977725, at *2 (N.D. Cal. Dec. 2, 2010) (James, J.)  The burden is on the moving party to demonstrate that the present forum is "inappropriate." Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).[1]

### III. DISCUSSION

#### A. MIGHT HAVE BEEN BROUGHT

There is no dispute between the parties that this action "might have been brought" in the Central District of California. See 28 U.S.C. § 1404(a). A district court in that District would have both subject matter jurisdiction based on Plaintiffs' federal question claims, and personal jurisdiction over Panda, which resides there. See Int'l Shoe Corp. v. Washington, 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Since Panda resides in a city located within the Central District, venue is proper there as well. See 28 U.S.C. § 1391(b), (c); see also 42 U.S.C. § 2000e-5(f)(3) (venue proper in a Title VII action, inter alia, where the unlawful practice allegedly occurred or where employment records relevant to such practice are maintained and administered). Therefore, the threshold requirement for transfer under § 1404(a) is satisfied in this case.

#### B. PLAINTIFFS' CHOICE OF FORUM

As a general matter, a plaintiff's choice of forum should be afforded deference when the district court is considering a motion to transfer. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). However, the weight typically accorded to a plaintiff's choice of forum is less in cases such as the present where the action is brought as a class action. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded to a plaintiff's choice of forum, when

---

[1] As noted, the list of factors set forth in Jones may not apply in every case. Thus, the Court focuses its analysis on the arguments germane to the factors presented by the parties in their respective briefs.

an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); Ward v. Fluor Enters., Inc., No. C 10-04361 SBA, 2011 WL 778720, at *3 (N.D. Cal. Mar. 1, 2011) ("[r]elevant authorities make clear that even where a plaintiff representing a class brings suit in his or her home forum, deference to such a plaintiff's choice of forum is considerably weakened due the representation of a broader class.") (Armstrong, J.). In addition, the deference typically accorded to the plaintiff's choice of forum is attenuated because none of the representative Plaintiffs currently reside in this District. See Forrand v. Fed. Exp. Corp., No. C 07-4674 TEH, 2008 WL 276389, at *2 (N.D. Cal. Jan. 31, 2008) ("none of the named plaintiffs resides in the Northern District of California, and the deference owed to such nonresident plaintiffs' choice of forum is 'substantially reduced.'").

Plaintiffs counter that their choice of forum is entitled to deference based on Title VII's special venue provision. Pls.' Opp'n at 4, Dkt. 55. This provision authorizes the filing of a Title VII action, inter alia, "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed…." 42 U.S.C. § 2000e-5(f)(3).[2] According to Plaintiffs, Congress enacted this provision to afford plaintiffs more flexibility in selecting where to sue, and to avoid "hostile receptions in company towns[.]" Pls.' Opp'n at 4, Dkt. 55. Plaintiff cites no authority to support the proposition that the expanded venue provisions of Title VII necessarily means that a Title VII plaintiff's choice of venue is entitled to *more* deference. In any event, this provision only applies to the claims of De La Santos, since she is the only Plaintiff alleged to have worked within the Northern District of California. Since Salazar and Beys worked in Illinois, venue in this District is improper. See Amochaev v. Citigroup Global Markets Inc., No. C-05-1298 PJH, 2007 WL 484778 (N.D. Cal. Feb. 12, 2007) ("each named plaintiff must demonstrate that

---

[2] This provision provides that venue is proper in: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained and administered, (3) the judicial district in which the aggravated person would have worked but for the unlawful employment practice, or (4) the judicial district in which the respondent has its principal office. See 42 U.S.C. § 2000-e(f)(3).

he or she satisfies Title VII's venue provision.") (Hamilton, J.). If anything, Title VII's special venue statute supports transferring the action to the Central District, where venue clearly is proper.

### C. CONVENIENCE OF THE PARTIES/WITNESSES AND ACCESS TO PROOF

The convenience of the parties and witnesses and the ease of access to proof favor transfer. First, Panda's headquarters are located in Rosemead, which lies in the Central District of California. In contrast, none of the three named Plaintiffs reside in this District. As noted, De La Santos now lives in Kansas, while Bays and Salazar reside in Illinois. Thus, on balance, the Central District is the more convenient forum for the parties.

Second, with regard to potential witnesses, the Central District also is more convenient. Panda specifically identifies three executives, Vice-President of Compensation, Benefits and Human Resources Gigi Cheung, Chief People Officer Linda Brandt and Field Human Resources Director Jim Abraham as persons who will provide testimony regarding Panda's personnel practices, as they relate to this case. Defs.' Mot. at 7 n.6. All of these individuals work at Panda's headquarters in Rosemead, California. Id.[3] As such, the Court finds that the convenience of the witnesses favors transfer. See Ward, 2011 WL 778720, at *4.

Finally, the record demonstrates that Panda maintains its personnel records, policies and procedures, payroll data and other documentation potentially pertinent to the claims alleged in this action in its Rosemead headquarters. Plaintiffs do not dispute this, but posit that "much of the evidence needed for trial is in the form of electronically stored documents that would be easy to transfer from Rosemead, California to the Northern District." Pls.'

---

[3] Plaintiffs contend that the location of non-party witnesses is more important than compared to party-affiliated witnesses, see Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)), and criticize Panda for failing to specifically name any non-party witnesses who are located in the Central District. Pls.' Opp'n at 7. At the same time, however, Plaintiffs have failed to identify—even in general terms—any potential witnesses located in this District. See Ward, 2011 WL 778720, at *4. Moreover, Plaintiffs overlook that Panda's outlets are concentrated in California, and that Southern California is where the vast majority of the California stores are located. Thus, it is more likely the Central District will be more convenient for any store-related, non-party witnesses.

Opp'n at 8. While technological advancements may lower discovery costs, the fact remains that it will be more convenient to litigate in a forum closest to the location of the relevant evidence. See Patent Mgmt. Found., LLC v. Analog Devices, Inc., No. C 10-3630 SBA, 2010 WL 197831, at *4 (N.D. Cal. Jan. 20, 2011) ("the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located.") (Armstrong, J.). Accordingly, the Court finds that the sources of proof are far more accessible to both parties in the Central District, than compared to the Northern District.

### D. COST OF LITIGATION

As set forth above, the bulk of the witnesses and documentary evidence pertinent to Plaintiffs' claims are located in the Central District. From a cost perspective, it will therefore be more efficient for the litigation to proceed there, as opposed to here. See id. Plaintiff responds that Panda is a "large company" and that the cost difference in litigating in this Court versus the Central District is negligible. Pl.'s Opp'n at 9. This Court has previously rejected such an argument. Patent Mgmt. Found., 2010 WL 197831, at *5. Moreover, Plaintiffs' argument overlooks the potential disruption to Panda if it were required to litigate in a forum that has little, if any, meaningful connection to the claims at issue. Id. The Court thus concludes that this factor weighs in favor of transfer.

### E. INTERESTS OF JUSTICE

Finally, Plaintiffs assert that it would be unfair to transfer the instant action to the Central District because it is a "company town" that will favor Panda. Pls.' Mot. at 10. This contention is meritless. Plaintiffs offer no factual or legal support for this assertion. To conclude that Panda somehow will receive more favorable treatment in the Central District simply because its headquarters are located in that judicial district is nothing more than rank speculation.

## IV. CONCLUSION

The Court finds that Panda has satisfied its burden of demonstrating that this case "might have been brought" in the Central District of California, and that said District is a

1  significantly more convenient forum for the parties and witnesses compared to the Northern
2  District of California.  Accordingly,
3      IT IS HEREBY ORDERED THAT Panda's motion to transfer venue is GRANTED.
4  Pursuant to 28 U.S.C. § 1404(a), the instant action is transferred to the Central District of
5  California.  The Clerk shall close the file and terminate any pending matters.
6      IT IS SO ORDERED.
7  Dated:  June 28, 2011                                    _____
                                                            SAUNDRA BROWN ARMSTRONG
8                                                           United States District Judge